# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

Charles R. Fulbruge III
Clerk

No. 09-40640
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS EFRAIN TURCIOS-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-168-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Santos Efrain Turcios-Ortiz appeals the 25-month sentence imposed following his guilty plea to illegal reentry. *See* 8 U.S.C. § 1326. As he did in district court, he primarily contends: his within-guidelines sentence is procedurally unreasonable because the district court failed to provide sufficient reasons for imposing it; and, the sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40640

substantively unreasonable because it was greater than necessary to achieve the purposes of sentencing.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50–51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 752–53. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751–53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Turcios maintains the district court committed procedural error by failing to adequately explain his sentence. Although a district court is required to provide some explanation for the sentence, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation". *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357. This explanation requirement

2

No. 09-40640

may be satisfied if the district court, after listening to the parties' contentions, decides that a sentence within the guideline sentencing range is appropriate. *Id.* at 357–59.

Here, the district court, after listening to Turcios' counsel's request for a below-guidelines sentence, sufficiently explained its reasons for choosing a within-guidelines sentence. These reasons included: Turcios' specific characteristics and history; the need to protect the public; and the need to deter future criminal conduct. No further explanation was required. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008) (reviewing within-guidelines sentence and holding that explanation was sufficient where district court stated that the sentence would "adequately address the objectives of punishment and deterrence").

For his second contention, Turcios maintains his within-guidelines sentence was substantively unreasonable. Because it fell within his properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Turcios has failed to overcome this presumption.

Finally, Turcios preserves for possible Supreme Court review the contention that Guideline § 2L1.2 (increasing offense level for unlawfully entering or remaining in the United States following certain prior convictions), under which his sentence was calculated, is flawed; and that, therefore, the presumption should *not* apply. In short, he concedes our precedent forecloses this contention.

AFFIRMED.